Filed 10/15/14  P. v. Lehmann CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C073517 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM033057, CM037826) |
| v. | |
| JONATHAN ALEXANDER LEHMANN, | |
| Defendant and Appellant. | |

In case No. CM037826 (No. 7826), defendant Jonathan Alexander Lehmann entered a no contest plea to battery with serious injury (Pen. Code, § 243, subd. (d); unless otherwise stated, statutory references that follow are to the Penal Code), and admitted a strike prior (§§ 667, subds. (b)-(i), 1170.12) in exchange for a stipulated eight-year state prison sentence and dismissal of the remaining counts and allegations in the complaint.  Based on defendant's plea, the court found defendant in violation of probation in case No. CM033057 (No. 3057), wherein defendant had entered a guilty plea

1

to criminal threats. (§ 422.) The court sentenced defendant to state prison and imposed various fees and fines in both cases.

Defendant appeals. He contends that the imposition of a $280 restitution fine and a corresponding parole revocation restitution fine in No. 7826 violates the ex post facto clauses in the state and federal constitutions. The People respond that the amount was within the court's discretionary power and that defendant forfeited his argument by failing to object in the trial court. We requested supplemental briefing on the issue whether counsel rendered ineffective assistance in failing to object to the amount at the time of sentencing. Defendant and the People agree as do we that had defense counsel objected, there is a reasonable probability, indeed a certainty, that the trial court would have imposed the minimum fine of $240, not $280. We will modify the judgment, reducing the amount to $240, the minimum applicable fine under the law at the time of defendant's offense.

FACTS AND PROCEEDINGS

The facts underlying defendant's offenses are not relevant to the issue raised on appeal other than the date of the offense in No. 7826. Defendant committed battery with serious injury in December 2012.

DISCUSSION

The probation report recommended restitution and parole revocation restitution fines of $200 as previously ordered when probation was granted in No. 3057 and "$2,240.00" in No. 7826. At sentencing, defense counsel noted that the restitution fines imposed in No. 3057 had been previously ordered but he objected to the amount recommended in No. 7826, asking that the court impose "the minimum amount as opposed to that figure," and claimed that defendant did not have the ability to pay due to his incarceration. The court clarified with the probation officer that the "$2,000 amount refers to the newer case" and that "[t]he minimum would be $280; is that correct?" The

2

probation officer responded that it was. The court ordered restitution and parole revocation restitution fines of $200, as previously ordered in No. 3057, and $280 in No. 7826.

At the time of defendant's offense in No. 7826, the minimum amount of the restitution fine was $240. (§ 1202.4, subd. (b)(1).)

"An appellant claiming ineffective assistance of counsel has the burden to show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 688 [80 L.Ed.2d 674[]] (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216, 218 [233 Cal.Rptr. 404, 729 P.2d 839] (*Ledesma*).) . . . . [¶] To establish prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (*Strickland, supra*, 466 U.S. at p. 694; see *Ledesma, supra*, 43 Cal.3d at pp. 217-218.) 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' (*Strickland, supra*, 466 U.S. at p. 694.)" (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1146-1147.)

Had defense counsel pointed out to the court that the statutory minimum fine was $240 when the defendant committed his offense as opposed to the probation officer's initial statement to the court that the minimum was $280, we are certain on this record that the trial court would have imposed the proper $240 minimum amount. The court, after all, had inquired about the minimum fine, plainly signaling its intention to impose the minimum fine under the law. Having concluded that defendant received ineffective assistance of counsel by failing to object to the incorrect amount, we need not discuss the issues of forfeiture, ex post facto, unauthorized sentence, or anything else with respect to these fines.

We will order the judgment modified, reducing the restitution fine and parole revocation restitution fine in No. 7826 to $240.

DISPOSITION

The judgment is modified reducing the restitution and parole revocation restitution fines in No. 7826 to $240.  The trial court is directed to prepare an amended abstract of judgment accordingly and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                            HULL              , J.


We concur:


      RAYE            , P. J.


      MAURO          , J.

4